351 So.2d 14 (1977)
WOODGATE DEVELOPMENT CORPORATION, a Florida Corporation, R.F. Donaldson, Individually, and Terry C. Nelson, Individually, Petitioners,
v.
HAMILTON INVESTMENT TRUST, a Massachusetts Business Trust, Respondent.
No. 50027.
Supreme Court of Florida.
June 9, 1977.
Rehearing Denied October 14, 1977.
Carl R. Pennington, Jr., and Everett P. Anderson of Pennington, Wilkinson & Sauls, Tallahassee, for petitioners.
Hugh M. Taylor and W. Robert Olive, Jr., of Bryant, Dickens, Franson & Miller, Tallahassee, for respondent.
Richard L. Lapidus of Lapidus & Hollander, Miami, for Sailboat Key, Inc., amicus curiae.
*15 HATCHETT, Justice.
By petition for writ of certiorari we have for review an order of the Second Judicial Circuit Court in and for Leon County, initially, and directly passing on the validity of Section 687.11(4), Florida Statutes. We have jurisdiction pursuant to Article V, Section 3(b)(3), Florida Constitution. We reverse.
Petitioner Woodgate Development Corporation executed a note to Commonwealth Corporation, secured by a development and construction mortgage. Commonwealth was subsequently placed in federal receivership, and the mortgage was transferred to the respondent, Hamilton Investment Trust. Respondent, as plaintiff, instituted an action for deficiency judgment after a foreclosure sale of the mortgaged property failed to produce sufficient funds to satisfy the mortgage debt. By way of affirmative defense and counterclaim, petitioners pleaded that the interest on the note was usurious. Respondent argued that by virtue of Section 687.11(4), Florida Statutes, all interest limitations on loans to corporate borrowers in excess of $500,000 were effectively removed. Petitioners argued that, so construed, the statute would violate Article III, Section 6 of the Florida Constitution.[1] The Circuit Court adopted the construction urged by respondent and struck the pleadings.
We need not reach the constitutional question raised above, for this matter can be resolved by an historical analysis of the applicable statutes.
Petitioners take the position that Section 687.11(4), Florida Statutes, was intended to remedy an inconsistency between permissible rates payable by an individual as maker, as contrasted to a person secondarily liable on loans in excess of $500,000. We agree.
In 1965, Chapter 687 provided in pertinent part as follows: Section 687.02, Florida Statutes, defined usurious contracts and provided that any contract, other than that of a corporation, for interest at a higher rate than 10 percent per annum was usurious, and any contract involving a corporation for interest at a higher rate than 15 percent per annum was usurious. Section 687.03, Florida Statutes, defined unlawful rates of usury and provided that it was usurious for any person to charge to take for any loan, except from a corporation, a rate of interest greater than 10 percent per annum. It further provided that transactions with a corporation shall be usurious and unlawful if for a rate of interest greater than 15 percent per annum. Section 687.04, Florida Statutes, provided that any person willfully violating the provisions of Section 687.03 should forfeit the entire interest contracted to be charged and should forfeit double the amount of the interest taken or reserved. Section 687.07, Florida Statutes, provided for forfeiture of principal and interest when the interest charged exceeded 25 percent. Section 687.11, Florida Statutes, enacted by Ch. 65-299, provided, in part:
(1) No individual secondarily liable as endorser, guarantor, surety, or otherwise on any corporate obligation shall be required, in any proceeding for collection of interest in the courts of this state, to pay any interest in excess of 10 percent per annum, and any interest claimed therein against such individual in excess of 10 percent per annum shall be forfeited; and no corporation, in any such proceeding in the courts of this state where the interest is proven to exceed 15 percent per annum, shall be required to pay any interest, and in such event all interest shall be forfeited.
(2) All laws or parts of laws in conflict herewith and all other statutory penalties for usury applicable to loans to corporations are hereby repealed.
*16 The 1967 Legislature did not amend the law. Therefore, Sections 687.02, 687.03, 687.04, 687.07, and 687.11 were reenacted as the official law of the state in accordance with Section 11.2421, Florida Statutes.
In 1969, the legislature enacted Section 687.071, Florida Statutes, which repealed Section 687.07, Florida Statutes. Section 687.07 had previously provided for the unenforceability of the debt where the interest rate exceeded 25 percent. The new statute provided different penalties for loans exceeding 25 percent. Sections 687.02, 687.03, 687.04, and 687.11 were carried forward from the official 1967 statutes and reenacted into the official 1969 statutes.
The 1970 Legislature carried forward all sections of 687 previously enacted, except that it made a small and insignificant amendment to Section 687.03.
In 1973 Section 687.02 was amended to provide that an individual could be charged up to 15 percent interest per annum on any loan exceeding $500,000. Section 687.11 still provided that:
No individual secondarily liable as endorser, guarantor, surety, or otherwise on any corporate obligation shall be required, in any proceeding for collection of interest in the courts of this state, to pay any interest in excess of 10 percent per annum, and any interest claimed therein against such individual in excess of 10 percent per annum shall be forfeited... .
Thus, in 1973, the laws of this state regarding usury contained inconsistent provisions. The law as it then stood provided that with regard to loans in excess of $500,000 an individual as maker could pay up to 15 percent interest and an individual secondarily liable was limited to 10 percent interest.
In 1974, Sections 687.02 and 687.04 were carried forward into the 1975 statutes unchanged. Section 687.03 was amended in several small and insignificant ways not germane to this discussion. It was at this time that Section 687.11 was amended by adding: "(4) The provisions of this section shall not apply to obligations which exceed $500,000." Respondent argues that this amendment was intended to remove all interest limitations on loans to corporate borrowers in excess of $500,000. However, Sections 687.02, 687.03, and 687.04 do now and always have provided penalties for the charging of interest in excess of certain rates.
The courts presume that statutes are passed with knowledge of prior existing statutes and that the legislature does not intend to keep contradictory enactments on the books or to effect so important a measure as the repeal of a law without expressing an intention to do so. Where possible, it is the duty of the courts to adopt that construction of a statutory provision which harmonizes and reconciles it with other provisions of the same act. State ex rel. School Board v. Dept. of Education, 317 So.2d 68 (Fla. 1975); State v. Putnam County Development Authority, 249 So.2d 6 (Fla. 1971); Woodley Lane, Inc. v. Nolen, 147 So.2d 569 (Fla.2d DCA 1962).
The only interpretation of Section 687.11(4) that can be harmonized with the remainder of Section 687.11 and the remaining sections of the usury statutes is that it remedies the inconsistency between permissible rates payable by an individual as maker, as contrasted to persons secondarily liable on loans in excess of $500,000.
A careful reading of the title to the act further convinces us that this is the proper construction of the statute. The title makes no reference to an abolition of penalties for usury, but refers to provisions "relating to guarantors." Other evidence which was admitted before the trial judge, without objection, is also persuasive.[2]
*17 We therefore hold that the intent of the legislature in enacting Section 687.11(4), Florida Statutes, was to remedy the inconsistency between permissible rates payable by an individual as a maker as contrasted to an individual secondarily liable on loans in excess of $500,000.
This litigation is the second suit between these parties. The first was a mortgage foreclosure which culminated in a judgment of foreclosure pursuant to stipulation. Petitioners' fourth affirmative defense and counts three and four of their counterclaim assert that the mortgage was not in default when the foreclosure judgment was entered. The circuit court held that these points were disposed of in the original proceedings and are res judicata. Petitioners argue that they specifically reserved the right to raise these issues, and respondent specifically waived the right to plead the doctrine of res judicata as a bar to any counterclaim. Having carefully reviewed the stipulation entered into between the parties, we agree with the petitioners that they may properly raise the issue of default in the deficiency judgment action.
Accordingly, this cause is remanded to the trial court with directions to reinstate petitioners' first, second, fourth, and ninth defenses and to reinstate their counterclaim.
It is so ordered.
OVERTON, C.J., and ENGLAND and SUNDBERG, JJ., concur.
ADKINS, BOYD and KARL, JJ., dissent.
NOTES
[1] Section 6 of Article III, Florida Constitution, provides as follows:

Every law shall embrace but one subject and matter properly connected therewith, and the subject shall be briefly expressed in the title. No law shall be revised or amended by reference to its title only. Laws to revise or amend shall set out in full the revised or amended act, section, subsection or paragraph of a subsection. The enacting clause of every law shall read: "Be It Enacted by the Legislature of the State of Florida:".
[2] In the House Committee on Business Regulations, a member of the committee called upon to explain the proposed amendment stated:

Bill basically just was the bill we passed last year that said loans over $500,000 can be treated as corporate loans, $500,000 to individuals... . This is attempting to straighten out that language and clarify that language to say where the intent of the loan is to exceed $500,000 the interest rate can be in excess of 10% to individuals... .