391 So.2d 738 (1980)
G. W. M., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 79-2603.
District Court of Appeal of Florida, Fourth District.
December 24, 1980.
*739 Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Laura R. Morrison, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
We affirm the conviction and remand for correction of the sentence.
Appellant was committed on December 4, 1979 at which time he was thirteen years and two months old. The commitment was to the date of his nineteenth birthday or a term of approximately five years and ten months. An adult could have received a maximum sentence for the two crimes involved here of five years and sixty days. Section 39.11(1)(c), Florida Statutes (1979) provides that when a child has been adjudicated to have committed a delinquent act, the court may:
(c) Commit the child to the department. Said commitment shall be for the purpose of exercising active control, including, but not limited to, custody, care, training, treatment, and furlough into the community. Notwithstanding the provisions of s. 743.07, the term of said commitment shall be until said child is discharged by the department or until he reaches the age of 19.
Section 39.11(3), Florida Statutes (1979) specifies:
(3) Any commitment of a delinquent child to the department shall be for an indeterminate period of time, but the time shall not exceed the maximum term of imprisonment which an adult may serve for the same offense. Any child so committed may be discharged from institutional confinement or a program upon the direction of the department. Notwithstanding the provisions of s. 743.07, no child shall be held under a commitment from a court pursuant to this section after becoming 19 years of age.
Where statutory provisions appear contradictory, it is the duty of the judiciary to adopt, if possible, a construction which harmonizes and reconciles those provisions. Woodgate Development Corp. v. Hamilton Investment Trust, 351 So.2d 14 (Fla. 1977).
In this case, the provisions may be construed to require a commitment of an indeterminate period of time until the child is discharged by the department or reaches the age of nineteen, but not to exceed the maximum term of imprisonment which an adult may serve for the offense. Thus, a child's commitment has parameters of the maximum sentence or his becoming 19, whichever occurs first. Otherwise, the term of commitment is until the child is discharged by the department.
The sentence of commitment exceeds these boundaries and must be corrected.
Affirmed in part; reversed in part, with directions, and remanded.
DOWNEY, HERSEY and HURLEY, JJ., concur.