Mr. Clayton J. M. Adkinson City Attorney City of DeFuniak Springs Post Office Drawer 608 DeFuniak Springs, Florida 32433
Dear Mr. Adkinson:
This is in response to your request for an opinion on substantially the following question:
 CAN THE CITY OF DEFUNIAK SPRINGS, FLORIDA, PLEDGE THE GAS TAX REVENUES TO SECURE A LOAN FOR REPAIRS OF THE SEWER SYSTEM?
Your letter states that the City Council of DeFuniak Springs is borrowing money from the Farmers Home Administration for the purpose of improving the city's sewer system. The Farmers Home Administration has requested the city council to pledge, among other things, the gas tax revenues as security for the loan giving the Farmers Home Administration a first and prior lien on the gas tax revenues.
Additionally, your letter indicates that other items would be pledged, upon which the Farmers Home Administration would have a junior and subordinate lien, including the guaranteed entitlement revenues. Your letter does not specify whether these guaranteed entitlement revenues are gas tax revenues or other revenues.
Chapter 71-363, Laws of Florida, imposed an additional eighth-cent tax on motor fuel and further imposed limitations on the use of the proceeds of said tax. Section 206.605(3), F.S., reads in pertinent part:
206.605 Additional eighth-cent tax on motor fuel. —
 (3) Funds available under this section shall be used only for
purchase of transportation facilities and road and street rights-of-way, construction, reconstruction, maintenance of roads and streets; for the adjustment of city-owned utilities as required by road and street construction, and the construction, reconstruction, transportation-related public safety activities, maintenance, and operation of transportation facilities. (e.s.)
The Revenue Sharing Trust Fund for Municipalities was created by Ch. 72-360, Laws of Florida, now codified as s 218.215(2), F.S., into which fund the revenues derived from the additional eighth-cent tax on motor fuel levied by s 206.605, F.S., are deposited by the Department of Revenue. See, s 206.605(2) and218.21(6)(b), F.S.
Chapter 72-360, Laws of Florida, also imposed a total prohibition on the use of any portion of moneys received from the revenue sharing trust funds to assign, pledge, or to set aside as a trust for the payment of principal or interest on bonds, tax anticipation certificates or any other form of indebtedness. See, s 215.25, F.S. (1972 Supp.). This language was amended by Ch. 73-349, Laws of Florida, which qualified or limited said prohibitions and added additional provisions. Section 218.25, F.S., now reads in pertinent part:
 218.25 Limitation of shared funds; holders of bonds protected. — Local governments shall not use any portion of the moneys received in excess of the guaranteed entitlement
from the revenue sharing trust funds created by this part to assign, pledge, or set aside as a trust for the payment of principal or interest on bonds, tax anticipation certificates, or any other form of indebtedness, and there shall be no other use restriction on revenues shared pursuant to this part. (e.s.)
It is a rule of statutory construction that the Legislature is presumed to know existing law when it enacts a statute. Woodgate Develop. v. Hamilton Inv. Trust, 351 So.2d 14 (Fla. 1977); 2A Sutherland Statutory Construction, s 45.12 (C. Sands, 4th rev. ed 1972). When the Legislature amended s 218.25, F.S. in 1973 to include the language `and there shall be no other use restriction on revenues shared pursuant to this part,' it was apparently aware of the use restrictions already set out in s 206.605(3), F.S. Reading ss 218.25 and 206.605(3), F.S., together, a local government can use that part of the guaranteed entitlement defined in s 218.21(6), F.S., which is composed of motor fuel revenues butonly for the purposes set out in s 206.605(3), F.S. However, the purpose for which the City of DeFuniak Springs wishes to use the guaranteed entitlement does not fit within the permitted uses set out in s 206.605(3), F.S., and would, therefore, be prohibited. Additionally, s 218.25, F.S., clearly prohibits the use of any moneys received in excess of the guaranteed entitlement for the purpose for which the City of DeFuniak Springs wishes to use said moneys.
In conclusion, therefore, and unless or until legislatively or judicially clarified or determined otherwise, it is my opinion that the City of DeFuniak Springs' proposed use of that part of the guaranteed entitlement which is composed of motor fuel tax revenues to secure a loan for sewer system improvements or repairs does not fit within the permitted uses set out in s 206.605(3), F.S., and is, therefore, prohibited. And, the City of DeFuniak Springs may not use any portion of the moneys received in excess of the guaranteed entitlement from the revenue sharing trust fund for the purposes prohibited by s 218.25, F.S.
Sincerely,
Jim Smith, Attorney General
Prepared by: Barbara Staros Harmon, Assistant Attorney General