Mr. Tom Gardner Executive Director Department of Natural Resources Marjory Stoneman Douglas Building 3900 Commonwealth Boulevard Tallahassee, Florida 32399
Dear Mr. Gardner:
You have asked the following question:
 Are lands which are or were acquired by state agencies through the use of federal or state special purpose trust funds excluded from those state lands title to which is vested in the Board of Trustees of the Internal Improvement Trust Fund pursuant to s. 253.03, F.S.?
In sum, I am of the following opinion:
 Title to lands which are or were acquired and encumbered by liens, trust agreements or any form of contract which encumbers property for repayment of funded debt is not vested in the Board of Trustees of the Internal Improvement Trust Fund pursuant to s. 253.03, F.S., as such lands are expressly excluded therein.
Your inquiry is on behalf of the Board of Trustees of the Internal Improvement Trust Fund (trustees).[1] The trustees have been asked to provide quitclaim deeds and disclaimers for two separate parcels of real property. Each parcel was acquired by separate state agencies through the use of federal or state special purpose trust funds.[2]
Resolution of this matter requires a determination of whether the subject properties are state lands which were transferred to the trustees pursuant to s. 253.03, F.S., as amended by s. 2, Ch. 67-269 and s. 2, Ch. 67-2236, Laws of Florida.
During the 1967 legislative session, s. 253.03, F.S., was amended by s. 2, Ch. 67-269, Laws of Florida, in pertinent part, to read:
 (1) The trustees of the internal improvement trust fund of the state are vested and charged with the acquisition, administration, management, control, supervision, conservation, protection, and disposition of all land and products on, under, or growing out of, or connected with, lands owned by, or which may hereafter inure to, the state, or any of its agencies, departments, boards or commissions excluding lands held for road and canal rights-of-way or borrow pits, and any land, title to which is vested or may become vested in any part authority, flood control or water management district created by any general or special act.
* * *
 (2) Commencing with the effective date of this act all land held in the name of the state or any of its boards, departments, agencies or commissions shall be deemed to be vested in the trustees of the internal improvement fund for the use and benefit of the state of Florida. Any board, commission, department or agency holding title to any state lands used for public purpose shall within thirty days of the effective date of this act execute all instruments necessary to transfer such title to the said trustees of the internal improvement fund for the use and benefit of the state of Florida, except lands which reverted to the state under the provisions of chapter 18296, Laws of Florida, 1937, commonly known and referred to as the `Murphy Act.'
During an extraordinary session in 1967, s. 253.03, F.S., as amended by Ch. 67-269, was amended by Ch. 67-2236, Laws of Florida, in pertinent part, to read:
 (1) The trustees of the internal improvement fund of the state are vested and charged with the acquisition, administration, management, control, supervision, conservation, protection, and disposition of all lands owned by, or which may hereafter inure to, the state, or any of its agencies, departments, boards or commissions, excluding . . . any lands . . . which are subject to reversion if conveyed by the original grantee, or if the conveyance to the trustees of the internal improvement fund under this act would work a reversion from any other cause, or where any conveyance of lands held by a state agency which are encumbered by or subject to liens, trust agreements or any form of contract which encumbers state lands for the repayment of funded debt. (e.s.)
Section 263.03(2), F.S., was renumbered by Ch. 67-2236, Laws of Florida, now s. 253.03(6), F.S., and remained relatively unchanged.
Thus, s. 253.03(1), F.S., specifically excludes from its operation, among others not pertinent to this inquiry, lands held by a state agency which are encumbered by and subject to liens, trust agreements or any form of contract which encumbers the subject property for repayment of funded debt. Section 253.03(6), F.S., however, proclaims all lands held in the name of the state or any boards, departments, agencies or commissions to be vested in the trustees and directs title to such lands be conveyed to the trustees by October 1, 1967.[3]
It is a basic rule of statutory construction that `the entire statute under consideration must be considered in determining legislative intent, and effect must be given to every part of the section and every part of the statute as a whole.'[4]
Furthermore, it is the duty of courts to give fgull effect to all statutory provisions and construe related statutory provisions in harmony with one another.[5] Sections 253.03(1) and (6), F.S., therefore, must be read such that each is harmonized with the other and given effect.[6] Moreover, there is a presumption that statutes which are enacted later in time are passed with knowledge of existing laws and that the Legislature does not intend to enact contradictory legislation, nor repeal a statute without expressing the intent to do so.[7]
Accordingly, the general provision in s. 253.03(6), F.S., vesting in the trustees title to most lands held by the state or any of its boards, commissions, departments, or agencies, by requiring those entities to transfer title to such lands to the trustees, does not override the specific exclusion of lands encumbered by and subject to a trust agreement pursuant to s. 253.03(1), F.S.[8]
Section 253.03(1), F.S., should be read to exclude the enumerated properties which would otherwise be vested in the trustees.
This interpretation is consistent with a judicial decision in which the court considered whether property which is encumbered by or held subject to trust agreements is excluded from the provisions of s. 253.03, F.S., was considered. In Conner, State of Florida Department of Agriculture and Consumer Services v. Board of Trustees of the Internal Improvement Trust Fund, et al.,[9]
the court found that property either purchased or improved with trust fund monies is impressed with a trust agreement and would, therefore, fall within the exceptions provided for in s. 253.01, F.S.
It is my opinion, based upon the foregoing, that title to properties which are or were acquired subject to a trust agreement does not vest in the trustees pursuant to s. 253.03, F.S., but are excluded as provided therein.
Sincerely,
Robert A. Butterworth Attorney General
(ls)
[1] See, s. 253.02, F.S., setting forth the powers and duties of the Board of Trustees of the Internal Improvement Trust Fund. And see, s. 253.002, F.S., requiring the Division of State Lands of the Department of National Resources to perform all staff duties and functions related to acquisition, administration, and disposition of state lands, title to which is or will be vested in the trustees.
[2] The Department of Labor and Employment Security has made a request in regard to a state office building originally acquired by the Florida Industrial Commission, using funds provided by the U.S. Department of Labor.
 The Game and Fresh Water Fish Commission has requested a quitclaim deed for the Bryant Building, the commission's Tallahassee office. The commission indicates that the property was acquired originally by the Board of Commissioners of State Institutions. The board conveyed the property to the Florida Development Commission (FDC) to finance a bond issue to construct a building for the Game and Fresh Water Fish Commission. The bond issue was repaid to FDC by the commission, using state and federal trust funds administered by it.
[3] See, s. 253.03(1) and (6), F.S. (1988 Supp.).
[4] See, State v. Gale Distributors, Inc., 349 So.2d 150, 153
(Fla. 1977).
[5] See, Villery v. Florida Parole and Probation Commission,396 So.2d 1107 (Fla. 1980) and Woodgate Development Corporation v. Hamilton Investment Trust, 351 So.2d 14 (Fla. 1977). See also, City of North Miami v. Miami Herald Publishing Company,468 So.2d 218 (Fla. 1985).
[6] Cf., AGO 86-63, concluding that the Board of Trustees of the Internal Improvement Trust Fund is not required to obtain and hold title to all real property held in the names of historic preservation boards; giving effect to s. 253.03(4), F.S., allowing agencies authorized by the Legislature to convey or otherwise dispose of lands to hold title to same.
[7] See, Pioneer Oil Co., Inc. v. State, Department of Revenue,381 So.2d 263 (1 D.C.A. Fla., 1980) (whether construing rules or statutes, the specific controls over the general).
[8] See, Woodgate Development Corporation v. Hamilton Investment Trust, supra.
[9] Case No. 72-1832, Second Circuit, Leon County, Florida, April 5, 1974.