917 So.2d 350 (2005)
William Michael DAVIS, as Personal Representative of the Estate of his daughter Pamela Denise Davis, deceased, Appellant,
v.
BRUHASPATI, INC. d/b/a Petro Food Mart, Atulbhai Patel, Kamlesh Panachano Shah, Manjulaben Rajendra Patel, Cleatous G. Carter, Gregory E. Carter, Appellees.
No. 1D05-2378.
District Court of Appeal of Florida, First District.
December 29, 2005.
Douglas B. Dykes, Panama City, for Appellant.
David W. Hiers of Davidson & Hiers, Pensacola, for Appellee Cleatous G. Carter.
G. Yates Rumbley of Cameron, Hodges, Coleman, LaPointe & Wright, P.A., Orlando, for Appellee Gregory E. Carter.
VAN NORTWICK, J.
William M. Davis, as personal representative of the estate of his deceased daughter, Pamela Denise Davis, appeals the final summary judgment entered in favor of two defendants, Gregory Carter and Cleatous G. Carter, appellees, in a wrongful death action. Because we find disputed issues of material fact exist concerning the proximate cause element of Gregory Carter's liability for alleged negligence, we reverse and remand for further proceedings.
The following facts are not in dispute. Gregory Carter, also known as Gary Carter, *351 pumped gas costing $17.60 into the vehicle he was driving and which was owned by his father, Cleatous Carter. Gregory Carter and a passenger then drove away from the gas station without paying for the gas. Atulbhai Patel and Kamlesh Shah, who were present at the gas station and were acquainted with the owners or operators of the gas station, pursued Carter down a public roadway in Bay County. At one point in the pursuit, the Patel-Shah vehicle cut off the Carter car. Carter continued down Highway 77 stopping at a red light behind a vehicle driven by Pamela Denise Davis. The Patel-Shah vehicle rear-ended Carter's vehicle which in turn rear-ended Davis' vehicle. Davis was injured and, according to the complaint filed by appellant, required pain medication which led to Davis' death.
Davis' estate brought suit against several defendants. Defendants Gregory Carter and Cleatous Carter moved for summary judgment. After receiving evidence and argument from counsel, the trial court granted summary judgment in favor of these defendants. This appeal ensued.
We begin our analysis by noting the burden a party moving for summary judgment bears in a negligence case. As explained in by the Florida Supreme Court in Moore v. Morris, 475 So.2d 666, 668 (Fla.1985) (citations omitted),
[s]ummary judgments should be cautiously granted in negligence and malpractice suits. The law is well settled in Florida that a party moving for summary judgment must show conclusively the absence of any genuine issue of material fact and the court must draw every possible inference in favor of the party against whom a summary judgment is sought. A summary judgment should not be granted unless the facts are so crystallized that nothing remains but questions of law.
If the evidence raises any issue of material fact, if it is conflicting, if it will permit different reasonable inferences, or if it tends to prove the issues, it should be submitted to the jury as a question of fact to be determined by it.
See also Lindsey v. Bill Arflin Bonding Agency Inc., 645 So.2d 565, 566-67 (Fla. 1st DCA 1994)("Particular caution should be employed when granting summary judgment in negligence actions."); Wal-Mart Stores, Inc. v. Tracz, 799 So.2d 413, 414 (Fla. 5th DCA 2001) ("Summary judgment procedures should be applied with special caution in negligence and malpractice actions.").
The standard of review of the grant of final summary judgment in the case before us, as both parties acknowledge, is de novo. Major League Baseball v. Morsani, 790 So.2d 1071, 1074 (Fla.2001) ("The standard of review governing a trial court's ruling on a motion for summary judgment posing a pure question of law is de novo.").
In the order under review, the trial court focused on whether Gregory Carter's alleged negligent acts were the proximate cause of Davis' injury. The court explained that the question it was required to decide was "the foreseeability of [Gregory Carter's] conduct substantially causing the Plaintiff's injury, see McCain v. Florida Power Corp., 593 So.2d 500 (Fla.1992)." The trial court reasoned:
While the Defendant's act of stealing gas was the cause in fact of the series of events that culminated in the death of the passenger in the car in front of him, this Court as a matter of law, must determine whether this was the legal cause of her death. There was no evidence whatsoever of what the Defendant was doing right before the incident, such as speeding or abruptly hitting the brakes or anything to cause the vehicle driven by the other Defendants to run *352 into him and then push his car into the car in front.
So I find that while this petty theft may have been a cause in fact of the death of Ms. Davis, it was not the proximate or legal cause of her death because there was a clear break between Carter's improper conduct (stealing) and the negligence of the driver of the pursuing car in ramming a stopped vehicle. This break in the series of events leading up to the collision occurred when the Defendant Carter stopped and lawfully awaited the light change. Therefore, I find that the Motion for Summary Judgment should be granted as to Gary Carter.
As for Cleatous Carter's Motion for Summary Judgment as the owner of the vehicle, the motion will be granted since there was no showing that there was negligent driving on behalf of Gary Carter to allow liability on behalf of Cleatous Carter for his son's behavior. Therefore I find that the Motion for Summary Judgment should be granted as to Cleatous Carter.
The concept of foreseeability relates both to the duty and proximate cause elements of negligence. The foreseeability analysis is distinctly different for each element. In McCain v. Florida Power Corp., 593 So.2d 500, 502-3 (Fla.1992)(internal citations and footnote omitted; italics in original), the Supreme Court explained these concepts as follows:
[t]he duty element of negligence focuses on whether the defendant's conduct foreseeably created a broader "zone of risk" that poses a general threat of harm to others. The proximate causation element, on the other hand, is concerned with whether and to what extent the defendant's conduct foreseeably and substantially caused the specific injury that actually occurred. In other words, the former is a minimal threshold legal requirement for opening the courthouse doors, whereas the latter is part of the much more specific factual requirement that must be proved to win the case once the courthouse doors are open. As is obvious, a defendant might be under a legal duty of care to a specific plaintiff, but still not be liable for negligence because proximate causation cannot be proven.
The Court added that with respect to the element of proximate cause,
the question of foreseeability as it relates to proximate causation generally must be left to the fact-finder to resolve. Thus, where reasonable persons could differ as to whether the facts establish proximate causation  i.e., whether the specific injury was genuinely foreseeable or merely an improbable freak  then the resolution of the issue must be left to the fact-finder.
Id. at 504. The Court has further explained that a trial court should grant summary judgment on the foreseeability prong of the proximate cause element "only when it determines that no reasonable person could differ in concluding the accident was unforeseeable." Springtree Properties, Inc. v. Hammond, 692 So.2d 164, 167 (Fla.1997). In the case before us, we cannot say that no reasonable person could differ in concluding that an accident on a public road of Bay County was unforeseeable as Carter was seeking to escape from the pursuit by Shah and Patel.
Carter argues that his actions were not the proximate cause of the accident because he was not speeding or braking abruptly at the time the accident occurred. This lawsuit does not concern Carter's actions only at the moment of the collision, however. We agree with the appellant that Carter's actions can be seen as a continuum beginning with the theft of the *353 gasoline and continuing by fleeing through traffic from the Patel-Shah vehicle. The appellant alleged that Carter was negligent in continuing to drive while being pursued, and facts in the record would support that allegation. A witness to the pursuit and the accident stated in a sworn witness statement given to police that
[Carter's] car with the two teens were [sic] driving wrecklessly [sic] in Southport  all the way into Lynn Haven, at the point they went into the turning lane & then swerved back in front of me. They were weaving in and out of each lane, driving at a fast rate of speed. At the red light  77 and 14th St [-] they got into the turn lane to turn left  a black car came from behind & hit the teens. They jumped out & had an altercation with the gentlemen in black car. One teen pushed one of the men in the black car.
The witness thereafter averred in an affidavit that there were "multiple places" at which Carter could have stopped before the accident and that it was apparent that "the reckless driving of [Carter's vehicle] was an attempt at trying to get away from [Shah and Patel's vehicle]."
Gregory Carter testified in deposition that, after he pulled away from the gas station, he was cut off in traffic by another vehicle and two men emerged from the other vehicle yelling at him. Carter pulled around the other vehicle and continued driving. Carter testified further that he did not believe he had done anything between the theft of gas and being cut off in traffic which would warrant such a response from persons in another vehicle and that he spoke with his passenger about the possibility that the persons who pulled in front of him might have been from the gas station. Whether Carter was negligent in the manner in which he drove after he became aware of the pursuit instigated by his theft, whether that negligence was the proximate cause of the accident, and whether any liability should be apportioned among the various defendants are matters for a jury to decide. See Springtree Properties, 692 So.2d at 167 ("In cases where the evidence raises any issue of material fact, the evidence is conflicting, or the evidence permits differing reasonable inferences as to proximate cause, the question of foreseeability as it relates to proximate cause must be left to the finder of fact.").
Because a jury question is presented as to whether Gregory Carter's negligence was the proximate cause of Davis' injury, we also hold that summary judgment was erroneously granted to Cleatous G. Carter, Gregory's father and owner of the vehicle Gregory was driving at the time of the accident. Under Florida's dangerous instrumentality doctrine, an owner of a motor vehicle is strictly and vicariously liable when he voluntarily entrusts a motor vehicle to an individual whose negligent operation causes damage to another. Aurbach v. Gallina, 753 So.2d 60, 62 (Fla. 2000). Cleatous Carter, therefore, may be vicariously liable for any negligence Gregory is found by the trier of fact to have committed.
The cause is REVERSED and REMANDED for further proceedings.
ALLEN and POLSTON, JJ., concur.