941 So.2d 512 (2006)
William C. FARRIS, Appellant,
v.
FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES DISTRICT: 04 Duval Unit: 88208, Appellee.
No. 1D05-6017.
District Court of Appeal of Florida, First District.
November 8, 2006.
Megan Wall, St. Johns County Legal Aid, St. Augustine, for Appellant.
Roger L.D. Williams, Assistant General Counsel, Department of Children and Family Services, Jacksonville, for Appellee.
PER CURIAM.
We have for review an administrative order terminating Appellant's eligibility for the Home and Community Based Services Medicaid Waiver Program (Med-Waiver). We reluctantly affirm. Appellant, who is mentally retarded, was approved to receive the Med-Waiver in September 2000. As a result of this program, Appellant was able to find employment, move out of his parents' home, and live independently in a group home. Appellant's eligibility was renewed annually by the Department of Children and Families (Department) without incident until 2004.
In June 2004, Appellant's employer temporarily closed for renovations, forcing Appellant to apply for Social Security benefits. Because the Social Security Administration determined that Appellant's monthly income of $1,200 exceeded the *513 allowable Substantial Gainful Activity amount, Appellant was deemed not disabled. Subsequently, relying on the Social Security's denial of benefits, the Department determined Appellant was also no longer eligible for the Med-Waiver Program and terminated his eligibility. A hearing officer upheld the Department's decision, and this timely appeal follows.
Rule 65A-1.711(4), Florida Administrative Code (2005), states:
(4) To be eligible for a Home and Community Based Services Waiver program, an individual must meet the requirements of Rule 59G-8.200, F.A.C.[[1]] . . . Additionally, an individual must meet the criteria for one of the following waivers:
. . .
(d) Be disabled in accordance with SSI disability criteria set forth in 42 C.F.R. §§ 435.540 and 435.541 (both incorporated by reference) and meet the requirements of subsection 65A-1.701(10), F.A.C., to participate in the Developmental Services waiver program;
The issue before us is a possible conflict between the second and third criteria for eligibility. Essentially, the second requirement (applicant must be disabled under 42 Congressional Federal Register sections 435.540 and 435.541) states that an agency must use the same definition of disability as that used under Supplemental Security Income. It further states that once the Social Security Administration makes a determination of disability, that determination is binding on the agency until changed by the Social Security Administration. See 42 C.F.R. §§ 435.540(a) & 435.541(b)(1)(i) (2005). A determining factor in determining whether one is disabled under the Social Security guidelines is the applicant's ability to engage in "substantial gainful activity." 20 C.F.R. § 416.971 (2005).
Meanwhile, the third requirement for eligibility for the Med-Waiver Program (rule 65A-1.701(10), Florida Administrative Code) allows an applicant to qualify if his "gross income" is less than three times the Federal Benefits Rate. See R. 65A-1.701(10), 65A-1.713(1)(d), F.A.C. (2005). Although there is some inconsistency in the record, it appears that at the time of Appellant's application, his monthly income was $1,200, while the monthly Substantial Gainful Activity limit was $880, and "300 percent" of the Federal Benefits Rate monthly limit was $1,737.
The principles of statutory construction require reconciliation among seemingly disparate provisions of law in order to give effect to all parts of the law. Woodgate Dev. Corp. v. Hamilton Inv. Trust, 351 So.2d 14, 16 (Fla. 1977). Appellant argues that it is impossible to give effect to both of these provisions when they are read together. If the second requirement disqualifies all applicants who have a monthly income that exceeds $880, then certainly the $1,737 monthly limitation in the third requirement would be rendered meaningless. Appellant urges this court to find that the second requirement is meant to be a non-financial requirement, and merely means that an applicant must be "medically disabled" under all non-financial definitions handed down by the Social Security Administration. Appellant argues that the higher financial requirement in the third prong is consistent with the intent of the Med-Waiver program and should be followed.
We find no conflict between the two provisions, as the monthly limitations refer to two different types of income. It is clear from the regulations and the inter-office *514 documents in the record that the Med-Waiver program is available only to those persons who have been deemed disabled by the Social Security Administration. Rule 65A-1.711(4)(d), F.A.C. (2005). Under Social Security Administration's definition, one cannot be "disabled" if he or she is capable of substantial gainful activity. The substantial gainful activity amount is measured primarily from "earnings from your work activity as an employee." 20 C.F.R. § 416.974(b)(2) (2005). However, the income level measured under the third prong is a limit on "gross income." R. 65A-1.713(1)(d), F.A.C. (2005). Although not clearly defined in the Florida Administrative Code, it is reasonable that the Department's definition of "gross income" includes not only earnings, but also other benefits received such as Social Security, VA benefits, pensions and contributions. See, generally, R. 65A-1.713(2), F.A.C. (2005). Under this interpretation, as explained at oral argument, it is possible for an individual to "earn" less than the Substantial Gainful Activity amount and qualify for the Med-Waiver Program under the second prong, yet have a "gross income" that is too high to qualify for the Program under the third prong. In fact, this interpretation is the only possible reading that can give effect to both provisions at issue here.
Although in our view the Department's termination of Appellant's Med-Waiver eligibility may be an unwise policy decision, we are nonetheless restricted by the confines of the law under Article II, Section 3 of the Florida Constitution.
AFFIRMED.
WOLF, PADOVANO and THOMAS, JJ., concur.
NOTES
[1] R. 59G-8.200, F.A.C., was transferred to 59G-13.080.