979 So.2d 929 (2008)
CITIZENS PROPERTY INSURANCE CORPORATION, Petitioner,
v.
Thomas UEBERSCHAER, Respondent.
No. SC07-1104.
Supreme Court of Florida.
March 27, 2008.
G. Alan Howard and Robert M. Dees of Milam, Howard, Nicandri, Dees, and Gillam, P.A., Jacksonville, FL, for Petitioner.
Louis K. Rosenbloum of Law Office of Louis K. Rosenbloum, and Eric P. Sventek of Thomas J. Ueberschaer, P.A., Pensacola, FL, for Respondent.
PER CURIAM.
We have for review Citizens Property Insurance Corp. v. Ueberschaer, 956 So.2d 483 (Fla. 1st DCA 2007), in which the First District Court of Appeal certified the following question as one of great public importance:
DOES THE ENABLING STATUTE FOR CITIZENS PROPERTY INSURANCE CORPORATION, § 627.351(6), FLA. STAT. (2004), PRECLUDE AN AWARD OF POLICY LIMITS UNDER THE VALUED POLICY LAW, § 627.702(1), FLA. STAT. (2004), WHEN THE COVERED PERIL OF WINDSTORM AND THE EXCLUDED PERIL OF FLOOD COMBINE TO PRODUCE A TOTAL LOSS TO THE INSURED PROPERTY?
Id. at 491-92. We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.
At the time the First District issued its decision in Ueberschaer, another of its decisions certifying the following related question was already pending review in this Court:
DOES SECTION 627.702(1), FLORIDA STATUTES (2004), REFERRED TO AS THE VALUED POLICY LAW, REQUIRE AN INSURANCE CARRIER TO PAY THE FACE AMOUNT OF THE POLICY TO AN OWNER OF A BUILDING DEEMED A TOTAL LOSS WHEN THE BUILDING IS DAMAGED IN PART BY A COVERED PERIL BUT IS SIGNIFICANTLY DAMAGED BY AN EXCLUDED PERIL?
See Fla. Farm Bureau Cas. Ins. Co. v. Cox, 943 So.2d 823, 847 (Fla. 1st DCA 2006), quashed, 967 So.2d 815 (Fla.2007). We therefore stayed proceedings in this case pending disposition of Cox, in which we ultimately quashed the First District's underlying Cox decision and answered the question certified in that case in the negative. See Fla. Farm Bureau Cas. Ins. Co. v. Cox, 967 So.2d 815 (Fla.2007). We then accordingly issued an order directing respondent to show cause why this Court should not exercise jurisdiction in the present case, quash the Ueberschaer decision under review, and remand for reconsideration in light of our decision in Cox. Upon consideration of respondent's response and petitioner's reply thereto, we have determined to so proceed.
We thus grant the petition for review in the present case. The decision under review is quashed, and this matter is remanded to the First District Court of Appeal for reconsideration upon application of this Court's decision in Cox.
It is so ordered.
*930 LEWIS, C.J., and WELLS, ANSTEAD, PARIENTE, QUINCE, CANTERO, and BELL, JJ., concur.