473 So.2d 799 (1985)
STATE of Florida, Appellant,
v.
Phillip BARE, Appellee.
No. 84-1657.
District Court of Appeal of Florida, Fifth District.
August 8, 1985.
Jim Smith, Atty. Gen., Tallahassee, and Margene A. Roper, Asst. Atty. Gen., Daytona Beach, for appellant.
No appearance for appellee.
COBB, Chief Judge.
On May 15, 1984, an information was filed against the appellant. The information, as amended, charged the appellant with one count of grand theft and one count of fraud in the course of business. The bases for the information were certain actions taken by Bare between September 6 and 28, 1980, involving a home improvement contract with Thomas and Janet Burch. Subsequently, Bare moved to dismiss the information, stating that the statute of limitations had expired. The lower court granted this motion. The state appeals the dismissal as to count one of the information.
Section 775.15(2)(b), Florida Statutes, imposes a three-year period for commencement of prosecution after the commission *800 of any felony other than a capital felony, life felony or felony of the first degree. Bare was charged with grand theft in violation of section 812.014(2)(b), Florida Statutes, which provides for grand theft of the second degree, a third-degree felony.
The state argues, however, that section 812.035, Florida Statutes (1983), supersedes this statute of limitations. Section 812.035 provides, in pertinent part:
Civil remedies; limitation on civil and criminal actions. 
* * * * * *
(10) Notwithstanding any other provision of law, a criminal or civil action or proceeding under ss. 812.012-812.037 may be commenced at any time within five years after the cause of action accrues. If a criminal prosecution or civil action or other proceeding is brought, or intervened in, to punish, prevent, or restrain any violation of the provisions of ss. 812.012-812.037, the running of the period of limitations prescribed by this section with respect to any cause of action arising under subsection (6) or subsection (7) which is based in whole or in part upon any matter complained of in any such prosecution, action, or proceeding shall be suspended during the pendency of such prosecution, action, or proceeding and for two years following its termination. (Emphasis added).
The state argues that since this section applies to both civil and criminal proceedings, and clearly states that it will apply "notwithstanding any other provision of law," it supersedes section 775.15(2)(b). There are no cases discussing this argument. A plain reading of the statute supports the state's argument. Although section 812.035 generally deals with civil remedies such as forfeiture and private civil actions, it does not appear that there could be any other reasonable way to interpret subsection (10). Thus, as the filing of the information was within the five-year time frame, the trial court erred in dismissing count one of the complaint. This case is reversed and remanded to the trial court.
REVERSED and REMANDED.
FRANK D. UPCHURCH, Jr. and COWART, JJ., concur.