567 So.2d 544 (1990)
STATE of Florida, Appellant,
v.
Hugh GUTHRIE, Bryson Hill, and Berry Shirley, Appellees.
No. 89-03102.
District Court of Appeal of Florida, Second District.
October 3, 1990.
*545 Robert A. Butterworth, Atty. Gen., Tallahassee, and Davis G. Anderson, Asst. Atty. Gen., Tampa, for appellant.
Douglas A. Wallace, Bradenton, for appellees.
ALTENBERND, Judge.
The state appeals an order dismissing one count of a multiple-count information, which charged the defendants with racketeering, securities violations and grand theft. The trial court dismissed one of the grand theft charges because the information was filed after the expiration of the statute of limitations. We affirm the dismissal because the tolling provision in section 775.15(6), Florida Statutes (1983), does not apply to the five-year statute of limitations for theft. § 812.035(10), Fla. Stat. (1983).
The information charged the defendants with grand theft for an alleged offense on April 8, 1983. The information was filed on December 20, 1988, five years and eight months after the alleged offense. The state admits that this offense is governed by the five-year statute of limitations established in section 812.035(10), Florida Statutes (1983), rather than by the three-year period established in section 775.15(2)(b), Florida Statutes (1983). Franklin v. State, 505 So.2d 1118 (Fla. 2d DCA 1987); State v. Bare, 473 So.2d 799 (Fla. 5th DCA 1985).
The state seeks to extend the five-year period by proving that the defendants were continuously absent from the state during a portion of the five-year period. Section 775.15(6) provides:
The period of limitation does not run during any time when the defendant is continuously absent from the state or has no reasonably ascertainable place of abode or work within the state, but in no case shall this provision extend the period of limitation otherwise applicable by more than 3 years.
The state argues that this tolling provision applies not only to the general periods of limitation provided in section 775.15, but also to the more specific period provided in section 812.035(10). We cannot accept this argument.
Section 812.035(10) provides a five-year period for both criminal and civil theft actions "[n]otwithstanding any other provision of law." The statute contains its own tolling provisions and does not expressly adopt the tolling provision in section 775.15(6). Section 812.035 does not require a strict construction but is to be construed in light of its remedial goal. § 812.037, Fla. Stat. (1983). On the other hand, section 775.15 must be strictly construed. § 775.021(1), Fla. Stat. (1983). Typically, a statute of limitations for a criminal offense must be liberally construed in favor of the defendant. State v. King, 275 So.2d 274 (Fla. 3d DCA), aff'd, 282 So.2d 162 (Fla. 1973). Accordingly, we do not believe the legislature has authorized the state to apply section 775.15(6) to the special statute of limitations for theft.
Affirmed.
RYDER, A.C.J., and HALL, J., concur.