590 So.2d 437 (1991)
Terrence O'MALLEY, Petitioner,
v.
Marvin U. MOUNTS, Jr., as Circuit Judge of the 15th Judicial Circuit, Respondent.
No. 91-0173.
District Court of Appeal of Florida, Fourth District.
September 11, 1991.
Richard L. Jorandby, Public Defender, and Randall L. Berman, Asst. Public Defender, West Palm Beach, for petitioner.
Robert A. Butterworth, Atty. Gen., Tallahassee, and John Tiedemann, Asst. Atty. Gen., West Palm Beach, for respondent.

ON MOTION FOR CLARIFICATION
PER CURIAM.
Respondent's motion for clarification is granted, and the following opinion is substituted in place of the opinion issued on June 12, 1991.
This is a petition for writ of prohibition, seeking to prevent prosecution of petitioner pursuant to a July 12, 1989, multi-count indictment for grand theft, RICO, issuing *438 corporate bonds with the intent to defraud, and for an organized scheme to defraud.
Petitioner moved to dismiss the six counts against him in a fifteen-count indictment against multiple defendants, based on a claim that the applicable statutes of limitations had run. After two hearings on the motion, the trial court denied it, precipitating the present petition, which we grant.
Petitioner received civil surety bonds from Pioneer Bonding and Insurance Company, which was the general agent, and wrote bonds for American Druggists Insurance Company. Those bonds were used by petitioner to secure personal loans of $150,000 and $90,000 from North Carolina National Bank (NCNB), which loans were disbursed on October 14, 1983 and May 4, 1984, respectively. When petitioner defaulted on his loans, on July 18, 1984, NCNB demanded payment from American Druggists based on the civil surety bonds guarantee. American Druggists informed NCNB by letter that Pioneer, the general agent, had exceeded its authority, or had no authority, to issue the bonds, and denied payment.
In Counts 4 and 5 of the indictment, the state asserts that the appellant committed the offense of issuing corporate obligations beyond the authorized amount "on or about October 14, 1983 through and including July 18, 1984." The statute of limitations for such an offense is three years from the date of commission of the act, section 775.15(2)(b), Florida Statutes (1987).
Section 775.15(3)(a), Florida Statutes (1987), reads:
(3) If the period prescribed in subsection (2) has expired, a prosecution may nevertheless be commenced for:
(a) Any offense, a material element of which is either fraud or a breach of fiduciary obligation, within 1 year after discovery of the offense by an aggrieved party or by a person who has a legal duty to represent an aggrieved party and who is himself not a party to the offense, but in no case shall this provision extend the period of limitation otherwise applicable by more than 3 years. [Emphasis added].
The state did not bring the indictment until July 12, 1989, well after the limitations period. We agree with petitioner's contention that discovery occurred when American Druggist responded to NCNB's demand on August 2, 1984, and informed it in a letter that Pioneer had exceeded its authority, or lacked authority, in issuing the bonds. Thus, the statute of limitations expired as to Counts 4 and 5.
In Counts 11 and 12 of the indictment, the state asserts that petitioner committed grand theft. The statute of limitations for grand theft is five years. See § 812.035(10), Fla. Stat. (1987). The state did not bring the indictment until July 12, 1989.
Petitioner contends that the offenses occurred on October 13, 1983 and May 4, 1984, the dates he received the loans. The state does not contest this, but argues that the offenses continued until July 18, 1984, the date petitioner defaulted on the loans. It contends that section 812.014, Florida Statutes, as amended in 1987, is a continuing offense statute, a position with which we disagree. See Toussie v. United States, 397 U.S. 112, 90 S.Ct. 858, 25 L.Ed.2d 156 (1970).
A reading of section 812.014, Florida Statutes (1987), does not suggest that the legislature intended grand theft to be a continuing offense. It provides only that a person is guilty of grand theft if he knowingly obtains or uses, or endeavors to obtain or to use, the property of another with the intent to either temporarily or permanently deprive the other person of a right to the property or a benefit therefrom or appropriate the property to his own use or the use of any person not entitled thereto. That language is the same as the language of the preamended version of the statute. In State v. King, 282 So.2d 162, 167 (Fla. 1973), the supreme court held that the larceny statute was "completely silent on a concept of a continuing, discoverable offense." The statute of limitations ran on May 4, 1989. Because the indictment was not filed until July 12, 1989, the state does not have the authority to bring the grand *439 theft charges, Counts 11 and 12, against petitioner, either.
In Count 1 of the indictment, petitioner was charged with racketeering, and in Count 15, he was charged with committing an organized scheme to defraud. The statute of limitations for the offenses is five years from the date of commission of the crime as to the racketeering charge, section 895.05(10), Florida Statutes (1987), and four years as to the offense of committing an organized scheme to defraud, section 775.15(2)(a), Florida Statutes (1987). While the state stipulated that petitioner committed no criminal acts subsequent to July 18, 1984, petitioner maintained that the alleged criminal acts occurred on October 13, 1983 and May 4, 1984, barring prosecution on those counts after October 13, 1988, for Count 15, and May 4, 1989, for Count 1. The state did not bring the indictment until July 12, 1989. We agree with petitioner and grant the petition as to Counts 1 and 15.
GLICKSTEIN, C.J., and HERSEY and DELL, JJ., concur.