692 So.2d 278 (1997)
STATE of Florida, Appellant,
v.
Paul R. HAMPTON, Appellee.
No. 96-2851.
District Court of Appeal of Florida, Fifth District.
April 25, 1997.
*279 Robert A. Butterworth, Attorney General, Tallahassee, and David H. Foxman, Assistant Attorney General, Daytona Beach, for Appellant.
James B. Gibson, Public Defender, and Dan D. Hallenberg, Assistant Public Defender, Daytona Beach, for Appellee.

EN BANC
COBB, Judge.
The defendant below, Paul Hampton, obtained a dismissal of a grand theft charge against him on the basis that the information was filed more than three years after the offense. The dismissal was based on this court's opinion in Wells v. State, 571 So.2d 563 (Fla. 5th DCA 1990) and section 775.15(2)(b), Florida Statutes.[1]
The state, on the other hand, contends that Wells is clearly erroneous and that section 775.15(2)(b), a general statute, does not apply. It contends that grand theft prosecutions are controlled by the more specific statute of limitations found in section 812.035(10), which provides:
Notwithstanding any other provision of law, a criminal or civil action or proceeding under ss. 812.012-812.037 or s. 812.081 may be commenced at any time within five years after the cause of action accrues. (Emphasis supplied).
In support of its position, the state cites to the conflict between Wells and an earlier opinion from this court, State v. Bare, 473 So.2d 799 (Fla. 5th DCA 1985). Other district courts are in agreement with Bare. See, e.g., O'Malley v. Mounts, 590 So.2d 437 (Fla. 4th DCA 1991), rev. denied, 595 So.2d 557 (Fla.1992); State v. Guthrie, 567 So.2d 544 (Fla. 2d DCA 1990); Franklin v. State, 505 So.2d 1118 (Fla. 2d DCA 1987); State v. Chacon, 479 So.2d 229 (Fla. 3d DCA 1985), disapproved on other grounds in State v. Fields, 505 So.2d 1336 (Fla.1987).
We agree with the state. In Wells the issue that was argued to, and addressed by, this court was the time at which a prosecution is deemed to have been "commenced" and the reasonableness of the delay in prosecuting that case. The parties in Wells, and the panel, apparently accepted as a given that the applicable statute of limitations was three years in accordance with section 775.15. That assumption was wrong, and we hereby recede from the language in Wells which indicated that the statute of limitations for the prosecution of grand theft is three years. The correct period is five years as indicated by section 812.035(10).
REVERSED AND REMANDED.
PETERSON, C.J., and DAUKSCH, W. SHARP, GOSHORN, HARRIS, GRIFFIN, THOMPSON and ANTOON, JJ., concur.
NOTES
[1] This section provides that a prosecution for any felony other than a capital or life felony, or a felony of the first degree, must be commenced within three years after it is committed.