873 So.2d 1236 (2004)
STATE of Florida, Petitioner,
v.
Brenda TELESZ, Respondent.
No. 2D03-4609.
District Court of Appeal of Florida, Second District.
May 14, 2004.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Robert J. Krauss, Chief Assistant Attorney General, Tampa, and C. Marie King, Assistant State Attorney, Clearwater, for Petitioner.
Bob Dillinger, Public Defender, and Alfred E. Corey, Assistant Public Defender, Clearwater, for Respondent.
WHATLEY, Judge.
The State of Florida filed this petition for writ of certiorari seeking review of an order of the circuit court sitting in its appellate capacity. The order determined that the two-year statute of limitations period defined in section 775.15, Florida Statutes (1997), applied to the crime of petit theft, and therefore, the State's information *1237 filed against Brenda Telesz was properly dismissed because the case did not commence within the two-year period. We conclude that the circuit court departed from the essential requirements of law by applying the incorrect statute of limitations and grant the State's petition for writ of certiorari.[1]
On December 14, 1998, Telesz was charged by information with petit theft, a first-degree misdemeanor defined in section 812.014, Florida Statutes (1997). Telesz was not arrested until July 2002, after having failed to appear on a summons issued on December 22, 1998. The county court dismissed the information based on the expiration of the two-year statute of limitations in section 775.15, and the circuit court affirmed the dismissal.
Section 775.15(2)(c) provides that prosecution for a misdemeanor of the first degree must be commenced within two years after it is committed. However, section 812.035(10), Florida Statutes (1997), provides that, "[n]otwithstanding any other provision of law," a criminal proceeding under sections 812.012-812.037 or section 812.081 may be commenced at any time within five years after the cause of action accrues. We conclude that section 812.035(10) must be applied to the crime of petit theft, as its language specifically encompasses the petit theft statute. See State v. J.M., 824 So.2d 105, 112 (Fla.2002) (noting the "long-recognized principle" of statutory construction that a more specific statute will control over a more general statute).
Although Telesz notes that there are no district court decisions involving this issue, several districts have held that section 812.035(10), instead of section 775.15, applies to the offense of grand theft. We find these cases persuasive because grand theft, like petit theft, is defined in section 812.014.
In Franklin v. State, 505 So.2d 1118, 1119 (Fla. 2d DCA 1987), this court determined that the offense of grand theft is controlled by section 812.035(10), "which provides a five-year statute of limitations in cases of theft instead of the general three-year statute of limitations for third degree felonies" outlined in section 775.15. In State v. Guthrie, 567 So.2d 544, 545 (Fla. 2d DCA 1990), this court noted that section 812.035(10) specifically provides that its statute of limitations controls "[n]otwithstanding any other provision of law" and held as follows:
Section 812.035 does not require a strict construction but is to be construed in light of its remedial goal. § 812.037, Fla. Stat. (1983). On the other hand, section 775.15 must be strictly construed. § 775.021(1), Fla. Stat. (1983).... Accordingly, we do not believe the legislature has authorized the state to apply section 775.15(6) to the special statute of limitations for theft.
See also Williams v. State, 707 So.2d 897 (Fla. 2d DCA 1998).
Several other district courts have held that section 812.035 takes precedent over section 775.15 in grand theft cases. State v. Hampton, 692 So.2d 278, 279 (Fla. 5th DCA 1997) (holding that the more specific five-year statute of limitations period in section 812.035 applied to grand theft rather than the more general statute, section 775.15); O'Malley v. Mounts, 590 So.2d 437, 438 (Fla. 4th DCA 1991) (concluding that the statute of limitations for grand theft is five years); State v. Chacon, 479 So.2d 229, 230 (Fla. 3d DCA 1985) (ruling *1238 that the applicable statute of limitations for grand theft is the five-year statute under section 812.035(10), "which is made specifically applicable to all theft prosecutions notwithstanding any other contrary statute"), reversed on other grounds, State v. Fields, 505 So.2d 1336 (Fla.1987); State v. Bare, 473 So.2d 799, 800 (Fla. 5th DCA 1985) (concluding that the statute of limitations period in section 812.035(10) supersedes section 775.15(2)(b)).
We note that there is no language in section 812.035(10) or section 775.15 which would suggest that the limitations provision should apply differently to petit theft than it does to grand theft. Therefore, in cases involving petit theft the five-year statute of limitations period in section 812.035(10) controls, and the circuit departed from the essential requirements of law by holding to the contrary.
Accordingly, we grant the petition for writ of certiorari and remand this case for further proceedings.
Reversed and remanded.
ALTENBERND, C.J., and CANADY, J., concur.
NOTES
[1] Miami-Dade County v. Omnipoint Holdings, Inc., 863 So.2d 195, 199 (Fla.2003) (holding that a district court's review on second-tier certiorari is limited to determining whether the circuit court departed from the essential requirements of law).