CANADY, Judge.
The State filed a petition for writ of certiorari seeking review of an order from the circuit court sitting in its appellate capacity. The order determined that the *526 two-year statute of limitations period defined in section 775.15, Florida Statutes (1999), applied to the crime of petit theft charged against Beverly J. Townsend. Because we conclude that the circuit court departed from the essential requirements of law by applying the incorrect statute of limitations, we grant the State’s petition for writ of certiorari.
Townsend was charged by information on October 27, 1999, with petit theft for an offense which allegedly occurred on July 2, 1999. Townsend was summoned to appear for the charge on November 2, 1999, but failed to appear. A capias was issued on November 29, 1999, but Townsend was not arrested until May 21, 2003. Townsend contended that the State had failed to make reasonable and diligent efforts to execute the capias[1] and that the statute of limitations had expired. Based on these circumstances and the application of the two-year statute of limitations period under section 775.15, Florida Statutes (1999), the county court dismissed the information.
The circuit court affirmed the dismissal based on its conclusion that the proceeding was barred by the two-year statute of limitations. In its petition, the State argues that the circuit court’s conclusion regarding application of the two-year statute of limitations was a departure from the essential requirements of law. In support of this argument, the State points to our recent decision in State v. Telesz, 873 So.2d 1236 (Fla. 2d DCA 2004).
The State is correct in its contention that this case is governed by Telesz. In Telesz, we held that the five-year statute of limitations set forth in section 812.035(10), Florida Statutes (1997), was the controlling statute of limitations for the offense of petit theft. Id. at 1238. We also held in Telesz that the application of the two-year statute to the offense of petit theft was a departure from the essential requirements of law by the circuit court sitting in its appellate capacity. Id.
Here, as in Telesz, the five-year statute of limitations is applicable.[2] Accordingly, we grant the petition for writ of certiorari and remand this case for further proceedings consistent with Telesz.
KELLY and WALLACE, JJ., concur.

. See § 775.15(5)(b), Fla. Stat. (1999); see also State v. Shamy, 759 So.2d 728 (Fla. 4th DCA 2000).

. We note that neither the circuit court nor the county court had the benefit of our decision in Telesz when they issued their rulings.