# Third District Court of Appeal

## State of Florida

Opinion filed June 1, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-1870
Lower Tribunal No. F07-31111D
_____

**Frantzy Jean-Marie,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Dava J. Tunis, Judge.

Carlos J. Martinez, Public Defender, and Andrew Stanton, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Richard L. Polin, Assistant Attorney General, for appellee.

Before HENDON, MILLER and BOKOR, JJ.

BOKOR, J.

Frantzy Jean-Marie appeals his convictions for eight crimes including first-degree murder, attempted first-degree murder, Racketeer Influenced and Corrupt Organization Act (RICO) violations, and RICO conspiracy. We have considered the numerous arguments raised on appeal and find them to be meritless; thus, we affirm the convictions without further discussion. However, we write specifically to address the applicability of the statute of limitations for the substantive RICO charge.

Jean-Marie argues that the five-year statute of limitations in section 895.05(10), Florida Statutes (2003), barred his conviction for the RICO charge. That statute provides that "[n]otwithstanding any other provision of law, a criminal or civil action or proceeding under this act may be commenced at any time within 5 years after the conduct in violation of a provision of this act terminates or the cause of action accrues." Id. Jean-Marie contends that because the predicate offenses allegedly constituting racketeering activity occurred more than five years prior to the filing of the indictment, the statute of limitations bars the RICO charge and must be vacated. See State v. Reyan, 145 So. 3d 133, 139 (Fla. 3d DCA 2014) ("In a substantive RICO prosecution, the gravamen of the 'crime' is the pattern of racketeering activity; that is, the individual predicate acts alleged to have been committed by the defendant. The limitations period commences upon

the date the 'crime' is completed which, for substantive RICO purposes, is the date of the last charged predicate act committed by the individual defendant."); Perez v. State, 545 So. 2d 1357, 1358 (Fla. 1989) (noting that "the limitations period in effect at the time of the incident giving rise to the criminal charges controls the time within which prosecution must be begun").

However, Jean-Marie's argument fails because the predicate acts underlying the RICO charge included multiple homicides. Section 775.15(1), Florida Statutes (2003), which prescribes general time limitations for criminal prosecutions, provides that "[a] prosecution for a capital felony, a life felony, or **a felony that resulted in a death may be commenced at any time**." (emphasis added). Thus, because the RICO charge here was predicated on "a felony that resulted in a death," section 775.15(1) governs the relevant time limitations rather than section 895.05(10).

Jean-Marie nonetheless argues that section 775.15(1) cannot apply here because the statutory amendment adding the relevant language was passed after the enactment of section 895.05 and did not evince a legislative intent to abrogate the five-year limitation in the RICO statute. See Ch. 77-334, § 5, Laws of Fla. (enacting RICO statute with same five-year limitation period); Ch. 96-145, § 2, Laws of Fla. (adding "felony that resulted in death" language to section 775.15 and providing that amendment will take effect

October 1, 1996). However, Jean-Marie's interpretation gets it exactly backwards. We presume legislative knowledge of the existing statutory landscape. See Woodgate Dev. Corp. v. Hamilton Inv. Tr., 351 So. 2d 14, 16 (Fla. 1977) ("The courts presume that statutes are passed with knowledge of prior existing statutes and that the legislature does not intend to keep contradictory enactments on the books or to effect so important a measure as a repeal of a law without expressing an intention to do so."). Accordingly, we assume the legislature knew of the existing five-year statute of limitations in section 895.05(10) and, through the clear language of 775.15(1), intended to remove that limitation in the subset of cases involving felonies resulting in death. See Forsythe v. Longboat Key Beach Erosion Control Dist., 604 So. 2d 452, 455 (Fla. 1992) ("Where possible, courts must give full effect to *all* statutory provisions and construe related statutory provisions in harmony with one another."); see also McKendry v. State, 641 So. 2d 45, 46 (Fla. 1994) ("[W]hen two statutes are in conflict, the later promulgated statute should prevail as the last expression of legislative intent.").

Thus, we read the later-enacted section 775.15(1) in conjunction with section 895.05(10) to provide no time limitation on the State's ability to bring a substantive RICO charge based on a predicate felonious act that resulted in a death. See Borden v. East-European Ins. Co., 921 So. 2d 587, 595 (Fla.

2006) (discussing how legislative intent, as discerned primarily by the plain meaning of the actual language used in the statutes, is the "polestar" of statutory interpretation).

Affirmed.